No. 5107.

(Court of Appeal, Parish of Orleans.)

## STATE EX REL ACME LUMBER COMPANY vs. JUDGE DIVISION C, CIVIL DISTRICT COURT, PARISH OF ORLEANS.

Pierson Walton & Pierson for relator.

F. R. Richardson, attorney.

ST. PAUL, J.—The Anchor Saw Mill Company brought suit against relator for the price of certain lumber sold and delivered. Among other matters set up in defense relator (defendant) admitted that it gave plaintiff an order for certain lumber and averred:

"That the said order, to plaintiff's knowledge, was given to plaintiff to fill an identical order received by defendant from W. T. Carey & Bro., contractors, in this city, to be used by them in a building under contract with them."

And defendant further set up:

"That W. T. Carey & Bro.,   *   *   *   who promised to pay this defendant for the lumber ordered by them are bound as warrantors in favor of defendant,   *   *.   *   and defendant is entitled to call them in warranty and recover over and against them as warrantors, whatever judgment may be rendered against defendant."

And defendant prayed that W. T. Carey & Bro. be called in warranty, etc.

Carey & Bro. excepted to the call in warranty. Their exception was maintained and relator appealed suspensively from the judgment dismissing the call in warranty,

which appeal is now pending in this court.

Plaintiff seeks meanwhile to proceed with its claim against relator, and the District Judge having refused a continuance pending action on said appeal, and being about to hear the cause notwithstanding said appeal, defendant (relator) now seeks to obtain from this Court a writ prohibiting him from so doing.

It is not disputed that if relator has a legal ground to call W. T. Carey & Bro. in warranty, then W. T. Carey & Bro., having been called in warranty, are necessary parties to the proceedings in the Court a qua.

As between defendant (relator) and the alleged warrantors, the question of the right to call them in warranty was presented by the exception. But as between plaintiff and defendant that question arose only when plaintiff sought to proceed without the presence of the alleged warrantors. And plaintiff was entitled to raise the issue regardless of whether Carey & Bro. had or had not themselves raised the issue. It involved a substantial right on their part, the right to proceed regardless of the presence of Carey & Bro.

The books are full of instances in which the right of a defendant to issue a call in warranty has arisen exclusively between a plaintiff and a defendant, and it has always arisen in just that way, viz: over the right **vel non** of the defendant to demand a continuance for the purpose of having the alleged warrantors present as a party during the proceedings.

Hence the fact that the same issue was twice presented in the case, first between defendant and Carey Bro., and afterwards between plaintiff and defendant, is a mere coincidence, and often happens in such cases, has led to the present confusion.

As between relator and Carey & Bro. the question has passed beyond the control of the district Judge, but as

— 472 —

between plaintiff and relator there is no such question pending on appeal, and it is presented here for the first time by this application.

We are of the opinion that the application should be denied. Defendant's answer may or may not show a cause of action against Carey & Bro. for the price of the lumber sold to them by relator, which lumber relator had purchased from plaintiff, the Anchor Saw Mill Company, and for the price of which relator is now being sued. But it certainly fails to show any right on the part of defendant (relator) to call Carey & Bro. in warranty in this suit.

No where in said answer is it alleged that Carey & Bro. are obligated or have promised to pay the debt, if any, which the Acme Lumber Company (relator) owes to the Anchor Saw Mill Company. On the contrary, it is distinctly alleged that Carey & Bro. promised to make payment to "this defendant" (relator), and not to the Anchor Saw Mill Company, the plaintiff.

The right to call in personal warranty can arise only when there is but one debt due by the defendant, but which the warrantor is bound to pay for his account. Here there are two distinct debts alleged, one due by defendant to plaintiff, and the other due by Carey & Bro. to defendant. The fact that both debts may be for a like sum and may have grown out of the purchase and resale of the same lumber does not alter the facts that the two debts are entirely distinct.

Writ refused.